The plaintiff has come into this Court upon a clear case for an action of assumpsit at law for goods sold to a firm of which he alleges the defendant was a partner. If, indeed, he had alleged that he could not prove the fact of a partnership, and asked for a discovery to aid him at law, this Court would have granted him the aid required, but cannot, where there is a clear legal remedy, give relief. The giving of the bond by one copartner certainly does not extinguish the simple contract debt as to the other; for merger, which is an operation of the law, never works an injury. The bond could not merge the simple contract but as to those who were bound by it; as to them, a written evidence and higher remedy are given. If, therefore, a person gives a bond for his own simple contract debt, the simple contract debt is merged; but not so if he gives a bond for his own bond debt. The latter may possibly be given in satisfaction of the former; but there is no merger. So if one gives a bond for the simple contract debt of *Page 279 
another, the simple contract debt is not merged, and may be (470) enforced. If a creditor sues one of two obligors or promisors, and obtains judgment, the original suit as to the other remains, and is not merged in the judgment, and may be sued on as if no judgment had been obtained. This is every day's practice and experience.
PER CURIAM. Bill dismissed, with costs.
Cited: Horton v. Child, 15 N.C. 463; Fisher v. Pender, 52 N.C. 484.